1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHNNIE HEARD,                          No.  2:20-cv-01589-KJM-CKD P

12              Plaintiff,

13         v.                                ORDER

14   SUPERIOR COURT OF CALIFORNIA, et
     al.,
15
                Defendants.
16

17

18         Plaintiff is a county inmate proceeding without counsel.  Plaintiff seeks relief pursuant to

19   42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

20   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now

21   before the court.

22         **I.     Screening Standard**

23         The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

28         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

                                                1

1    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

2    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6    Cir. 1989); Franklin, 745 F.2d at 1227.

7         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

8    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

9    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

10   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

11   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

12   this standard, the court must accept as true the allegations of the complaint in question, Hospital

13   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

14   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

15   McKeithen, 395 U.S. 411, 421 (1969).

16        **II.    Allegations in the Amended Complaint**

17        Plaintiff is a pretrial detainee in custody at the Rio Cosumnes Correctional Center in Elk

18   Grove, California.  ECF No. 8 at 1.  In his three-page amended complaint, plaintiff alleges that

19   although he tested negative for COVID-19, Sacramento County does not have a policy that

20   requires inmates to wear masks or to socially distance themselves from other inmates.  ECF No. 8

21   at 3.  While plaintiff indicates that the jail has an inmate grievance procedure, he states that he has

22   not filed any grievance concerning the institution's COVID-19 policies.  Id. at 2.  By way of

23   relief, plaintiff seeks monetary damages and his immediate release from custody.  Id. at 3.

24        **III.   Legal Standards**

25        Plaintiff is advised that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with

26   respect to prison conditions under section 1983 of this title, or any other Federal law, by a

27   prisoner confined in any jail, prison, or other correctional facility until such administrative

28   remedies as are available are exhausted."  Although exhaustion is not required "when

                                                            2

1   circumstances render administrative remedies 'effectively unavailable,'" Sapp v. Kimbrell, 623

2   F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires "a good-faith effort on

3   the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding

4   remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012).

5          As in the original screening order, plaintiff is once again advised that release from custody

6   is not an available remedy in a civil rights action.  See ECF No. 6 at 5.  When a state prisoner

7   challenges the legality of his custody and the relief he seeks is the determination of his

8   entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus

9   pursuant to 28 U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  However, a

10  federal habeas corpus action is only available if plaintiff has been convicted and has exhausted his

11  state court remedies.  See 28 U.S.C. § 2254(b)(1)(A).

12         **IV.     Analysis**

13         The court finds the allegations in plaintiff's amended complaint fail to demonstrate that he

14  properly exhausted his administrative remedies prior to filing suit.  See 42 U.S.C. 1997e(a).

15  However, because there are exceptions to the exhaustion requirement, plaintiff will be given the

16  opportunity to file a second amended complaint.  Additionally, based on his continued request to

17  be released from custody, it is not entirely clear to the court what type of action plaintiff is

18  attempting to pursue.

19         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

20  the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

21  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

22  complaint must allege in specific terms how each named defendant is involved.  There can be no

23  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

24  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

25  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

26  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

27  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

28         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

3

1   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

2   complaint be complete in itself without reference to any prior pleading.  This is because, as a

3   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

5   pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

6   in an original complaint, each claim and the involvement of each defendant must be sufficiently

7   alleged.

8        **V.       Plain Language Summary for Pro Se Party**

9        The following information is meant to explain this order in plain English and is not

10   intended as legal advice.

11        The court has reviewed the allegations in your amended complaint and concluded that you

12   have not properly exhausted the jail's administrative remedies prior to filing this civil action.

13   You are being given the opportunity to try to fix this problem by filing a second amended

14   complaint that describes why the inmate grievance procedure was "effectively unavailable" to

15   you prior to filing this lawsuit.

16        If you choose to file a second amended complaint, the court will screen it as required by

17   28 U.S.C. § 1915A.  You are not required to file a second amended complaint.  If you choose not

18   to file an amended complaint, or if you choose to file a federal habeas petition instead, this court

19   will recommend that this civil action be dismissed without prejudice.

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  Plaintiff's first amended complaint is dismissed; and

22        2.  Plaintiff is granted thirty days from the date of service of this order to file a second

23   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

24   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

25   docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

26   /////

27   /////

28   /////

4

eqRAXXXXXXXX

1  must file an original and two copies of the second amended complaint; failure to file a second

2  amended complaint in accordance with this order will result in a recommendation that this action

3  be dismissed.

4  Dated:  January 21, 2021

5  _____

   CAROLYN K. DELANEY

6  UNITED STATES MAGISTRATE JUDGE

7

8

9  12/hear1589.14amd.new.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28